**Francisco A. MUNOZ et al.**
v.
**Guadalupe AMADOR et al.**
**Civ. A. No. 64–B–45.**

United States District Court
S. D. Texas,
Brownsville Division.
June 19, 1964.

Gerald Weatherly, Laredo, Tex., Hector Yznaga, Brownsville, Tex., and Barnes & Elick, McAllen, Tex., for plaintiffs.

Luther E. Jones, Jr., Corpus Christi, Tex., for defendants.

GARZA, District Judge.

Some forty-eight plaintiffs, on behalf of themselves and all others similarly situated, bring what is designated a class action under Rule 23(a) (1) and (3), Federal Rules of Civil Procedure, against thirty-six defendants as representative of a class under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985, alleging the violation of Plaintiffs' civil rights. Plaintiffs contend that they are all residents of Starr County, Texas, and qualified to vote in the forthcoming general election, and that all of the named defendants, as well as several hundred persons named in Exhibit A attached to the Complaint, have received poll tax receipts entitling them to vote in said general election without due application, or payment of poll tax, or proper registration. It is alleged that one Santiago Clarke, Deputy Assessor and Collector of Taxes of Starr County, issued these poll tax receipts, and that Clarke and persons unknown to the Plaintiffs conspired to deprive the Plaintiffs of their right to have their votes in the general election given full value and effect. Clarke is not named as a party to this action.

Ten of the defendants named in this action have filed a motion to dismiss which is before the Court at this time. The motion is based on the grounds that the complaint fails to state a claim against these Defendants upon which relief can be granted; that the Court lacks jurisdiction because of the absence of averments showing injury to Plaintiffs from conduct of Defendants amounting in law to State action; that this is, in effect, an election contest over which this Court has no jurisdiction; that the action seeks to have this Court supervise the general election of November 3, 1964; and that the jurisdictional amount is not present.

Plaintiffs rely upon United States v. Saylor, 1944, 322 U.S. 385, 64 S.Ct. 1101, 88 L.Ed. 1341, which reversed judgments sustaining demurrers to criminal indictments charging a conspiracy by election officers to stuff a ballot box in an election at which a member of Congress was to be elected. The court held that Section 19 of the Criminal Code (now 18 U.S.C. § 241) embraced the right of a voter in a congressional election to have his vote honestly counted.

█ This Court agrees that the stuffing of a ballot box or the fraudulent registration of unqualified voters would amount to a violation of both the civil and criminal Civil Rights Acts. The complaint alleges conduct of a county official which could, if true, support an indictment under 18 U.S.C. § 241, or a judgment for the Plaintiffs under 42 U.S.C. § 1983. The State action alleged here, however, cannot support a suit against a large group of private citizens who merely hold poll tax receipts which the Plaintiffs claim were improperly issued.

Plaintiffs pray for a declaratory judgment that the votes of all the persons named both as defendants and in Exhibit A to the complaint are invalid and should not be counted in the November 3rd general election, and for any and all relief proper in the premises.

█ This Court cannot see the presence of federal jurisdiction to determine the right of several hundred people to vote in a general election, and cannot issue an order to various election officials as to what votes to count and what votes not to count, when none of such officials are parties to this action. The State action of a county official cannot be made the basis of a suit against a large group of private persons whose only acts complained of are the receipt of a document entitling them to vote and the possibility that they will vote in a future election. No conspiracy to violate Plaintiffs' civil rights is alleged against any of the named defendants, but only against Clarke and "one or more of the defendants (exactly whom Plaintiffs are in good faith unable to specify)." In no way are the Defendants alleged to have performed as instrumentalities of the State.

All the cases cited by Plaintiffs involve either criminal or civil actions against persons acting under color of law. Plain-

593

tiffs seek to distinguish Collins v. Hardyman, 1951, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253, in which an action against a group of private persons who broke up a meeting, under 42 U.S.C. § 1985, was dismissed because the conspiracy or overt acts did not involve any action by State officials and defendants did not pretend to act under color of State law.

Although this complaint does allege action by a State official under color of State law, the suit is not directed at him. The defendants named did not commit the acts complained of which might provide the basis of a civil rights action. Since the complaint fails to state a claim against these Defendants upon which relief can be granted, the same should be and is this day being dismissed in its entirety.

Clerk will notify counsel.